UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN RANDALL FUTCH,

Plaintiff,

v.                    407CV057

DRUG ENFORCEMENT AGENCY,
and UNITED STATES OF AMERICA,

Defendants.

## O R D E R

In a forfeiture proceeding known as *U.S. v. U.S. Currency Totaling $18,997.89,* 403CV010 (S.D.Ga. Complaint filed 1/21/03), inmate/claimant John R. Futch established that the Government had wrongly seized currency from him. *Id.,* doc. # 98 ("The Drug Enforcement Administration and its custodian, the United States Marshal, is directed to return the $18,997.89 to John Randall Futch from whom it was seized"); ## 111, 114 (directing the Government to pay him lost interest); # 116 (interest paid, case closed). After the Government reimbursed Futch, he moved for additional relief in the form of a

> "[R]equest Pursuant to 28 U.S.C. [§] 2465 for Cost of Wrongful Seizure," in which he ... demand[ed] compensation for the losses he suffered from the government's seizure of his cash. By taking his money, he contend[ed], the [G]overnment interfered with his ability to make payments on three vehicles on which he owed finance payments. Doc. # 118 at 3-4.

*Id.,* doc. # 121 at 1.

The Court denied this request. The case was over and Futch's request was untimely because under F.R.Civ.P. 59(e) he had just

ten days to move the Court for further relief, and ten days had passed. Nor did he bother to invoke, much less justify, relief under F.R.Civ.P. 60. Nor, for that matter, did Futch show

> statutory authority to grant his request in any event. *See* 28 U.S.C. § 2465.[1] Put another way, Congress was quite specific in enumerating what the government shall be liable for in this context, and consequential damages is not one of them.

*Id.* Months later, Futch unsuccessfully moved for "litigation costs." Doc. # 125 (motion); # 127 (Order denying); # 129 (supplemental motion for litigation costs); # 130 (Order denying); # 131 (motion for reconsideration); #

---

[1] The statute reads, in relevant part:

> (1) Except as provided in paragraph (2), in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for--
>
>> (A) reasonable attorney fees and *other litigation costs* reasonably incurred by the claimant;
>>
>> ....
>
> (2) (A) The United States shall not be required to disgorge the value of any intangible benefits *nor make any other payments to the claimant not specifically authorized by this subsection.*

28 U.S.C. § 2465(b) (emphasis added). "Litigation costs" means the costs normally incurred in litigation, *not* consequential damages, which is what Futch sought here.

133 (Order denying); # 136 (Futch's third request for costs); # 137 (Order denying, entered 3/28/07). Futch took no appeal. But while that litigation was pending, he filed *Futch v. Drug Enforcement Administration*, 406CV238 doc. # 1 (S.D.Ga. Complaint filed 9/22/06), *caption modified*, doc. # 11, which the Clerk's office erroneously routed to another judge.[2] That case

———————————————

[2] Ideally, the Clerk should follow

> **S.D.GA.LOC.R 3.1** *Refiled Cases*:
> Whenever an action or proceeding terminated by entry of a notice or order of dismissal is refiled without a substantial change in issues or parties, it shall be assigned or transferred to the Judge to whom the original action or proceeding was assigned, unless otherwise ordered by the Chief.

However, docketing clerks are trained to open the mail and docket filings sent in by litigants. They cannot reasonably be expected to know all of the issues in all of the prior cases, then analyze each new mailing and accurately apply Rule 3.1. Serial-filing inmates then exploit, typically at the taxpayers' expense (by filing *in forma pauperis*), the random-assignment process applied to each new lawsuit, seizing on instances where a new judge is assigned to a matter that would otherwise be subject to *res judicata* if not a relitigation injunction were Rule 3.1 followed. *See Wesch v. Folsom*, 6 F.3d 1465, 1470 (11th Cir.1993); 6 AM.JUR.2D *Assistance, Writ of* §4 (2007). Because judges typically don't keep abreast of each others' dockets, a Rule 3.1-worthy case that gets past the docketing clerk can wind up going to a new judge, where the duplication can go undetected. Thus, what should have been a summarily adjudicated case ends up needlessly consuming additional judicial resources.

In that regard, see *Futch v. Dorsey*, 402CV229 (S.D.Ga. Complaint filed 10/18/02); *Futch v. Sisco*, 402CV031 (S.D.Ga. Complaint filed 10/24/02); *Futch v. McFadden*, 203CV199 (S.D.Ga. Complaint filed 12/31/03); *Futch v. Finaucci*, 203CV200 (Complaint filed 12/31/03); *Futch v. Hearn*, 204CV066 (S.D.Ga. Complaint filed 1/14/04); *Futch v. McFadden*, 204CV012 (S.D.Ga. Petition filed 1/12/04); *Futch v. Smith*, 399CV048 (S.D.Ga. Complaint filed 9/9/99); *Futch v. Smith*, 402CV271 (S.D.Ga.

was summarized by a Magistrate Judge (MJ), who recommended dismissal for lack of administrative exhaustion *prior* to filing suit:

> Plaintiff, who has paid the required filing fee, has filed a complaint with this Court seeking to recover damages for the alleged "wrongful seizure" of $18,997.89 from his bank account by agents of the Drug Enforcement Administration on August 5, 2002. Following this seizure, the government brought a civil forfeiture action against his money alleging that it represented the proceeds of an illegal drug transaction. Doc. 1. *See United States v. United States Currency Totaling $18,977.89*, CV403-10 (filed Jan. 21, 2003). Plaintiff contends that the government's forfeiture complaint was supported by the "false 'verification' of a DEA task force agent and that the complaint alleged "demonstrably false and misleading" facts. Doc. 1. By wrongfully seizing his money, the government allegedly caused plaintiff to default on numerous automobile loans, an injury which forms the basis for his claim of damages in this action.

———————————————

Complaint filed 12/17/02); *Futch v. Crum*, 403CV004 (S.D.Ga. Complaint filed 1/3/03). All of the foregoing cases have in one way or another simply fizzled out (often Futch files a case, then moves to dismiss them on his own), and Futch never appealed any of them. Nor has the Court listed all of his cases (plenty of others are on the Court's docket).

The Administrative Office of the U.S. Courts therefore should endeavor to modify the federal court system's docketing software so that, upon entry of a litigant's name, any prior cases would be electronically red-flagged -- at the docketing clerk level -- to trigger additional scrutiny for Rule 3.1 treatment. Until then, judicial resources will continue to be wasted by serial filers like Futch.

Doc. # 12 at 1-2. The district judge in 406CV238 dismissed the case, doc. ## 17, 18; *see also* doc. # 19, 21 (reconsideration motions); ## 20, 22 (Orders denying them), and Futch took no appeal, but instead filed this case, *Futch v. Drug Enforcement Agency*, 407CV057, seeking, once again, consequential damages (*e.g.*, "numerous vehicles repossessed" because the wrongful forfeiture disabled him from keeping up on payments, doc. # 1 at 3). The MJ granted Futch leave to proceed with this case *in forma pauperis*. Doc. # 3.

Exercising its inherent power to protect its docket against abusively serial filers, along with its authority under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), the Court is now vacating the MJ's Order and applying *res judicata* to dismiss this case with prejudice.[3]

"Res judicata precludes litigants from contesting matters that they have already had a full and fair opportunity to litigate, protects defending parties from the expense of duplicitous litigation, conserves judicial resources, and minimizes the possibility of inconsistent decisions by multiple forums asked to resolve the same matter." *Tindle v. U.S.*, 56 Fed.Cl. 337, 345 (Fed.Cl. 2003). It can be applied if (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involve the same parties or their privies; and (4) both cases involve the same causes of action. *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280,

1285 (11th Cir. 2004) (quotes, cites and alterations omitted).

In case # 406CV238, the Court did not strictly reach Futch's claims on the merits due to non-exhaustion, but the result was a *with-prejudice* dismissal because Futch failed to exhaust *prior* to bringing suit and, as explained in an Order denying one of his *de rigeur* reconsideration motions, that sank his claims:

> As explained more thoroughly in the Magistrate's Report and Recommendation, Plaintiff must have exhausted his administrative remedies before filing suit. Plaintiff did not even begin to pursue these remedies until three months after filing the instant case. Consequently, the fact that has now exhausted his remedies is immaterial. Plaintiff's motion is **DENIED.** This case remains **CLOSED.**

Doc. # 20 at 1.

Again, Futch took no appeal and that ruling is now final and conclusive. He cannot now simply file a new lawsuit for a "do-over." *Copeman v. Ballard*, 214 Fed.Appx. 739 (10th Cir. 2007) (res judicata precluded defendant's 42 U.S.C. § 1983 action against state officials who were allegedly responsible for unconstitutional seizure and forfeiture of defendant's personal property incident to drug trafficking conviction; legality of forfeiture and subsequent sale had already been adjudicated, whether rightly or wrongly, in the prior state forfeiture proceedings, and defendant should have raised challenges at that time); *Maracalin v. U.S.*, 63 Fed.Appx. 494, 496 (Fed. Cir. 2003) (suit by federal inmate requesting relief for constitutional and statutory violations and for tort injuries he allegedly sustained during his criminal prosecution and conviction was barred by res judicata arising

---

[3] "'[I]t is well established that a court may raise the issue of preclusion on its own motion in appropriate cases.' *See Burrell v. Armijo*, 456 F.3d 1159, 1176 (10th Cir.2006) (citing cases)." *Copeman v. Ballard*, 214 Fed.Appx. 739, 740 n. 2 (10th Cir. 2007).

3

from prior judgment dismissing inmate's claims for lack of jurisdiction; dismissal was a judgment on the merits, prior suit involved the same parties, and both cases were based on same facts and involved virtually identical claims).

Accordingly, the Court *VACATES* the MJ's IFP Order (doc. # 3) and *DISMISSES THIS CASE WITH PREJUDICE*. The Court also warns Futch that it will not hesitate to protect its docket and thus the public against serial filers. *See Barber v. U.S. Attorney General*, 458 F.Supp.2d 1378 (S.D.Ga.2006); *Johnson v. Barnes*, 283 F.Supp.2d 1297 (S.D.Ga. 2003); 28 U.S.C. § 1915(g). To that end, the Clerk is directed to forward *all* future Futch cases to the undersigned for special management. The Clerk shall also serve a copy of this Order on Deputy Clerk Robert D. Fritts, who is referred to n. 2, *supra*, and directed to present this matter to the Court's Automation and Local Rules committees.

This ⧸ day of June, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA