UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION


JOHN RANDALL FUTCH,

Plaintiff,

v.                          407CV057

DRUG ENFORCEMENT AGENCY, and
UNITED STATES OF AMERICA,

Defendants.


## ORDER

On 6/4/07, this Court dismissed Plaintiff John Futch's case with prejudice, after determining that his claim was barred by res judicata. Doc. # 4. Futch filed a Notice of Appeal, doc. # 6, but his appeal was dismissed (on 8/27/07) by the Eleventh Circuit for want of prosecution, doc. # 10. Now, more than two years later, Futch has filed the present motion, doc. # 12 ("Motion Relating Back to Original Complaint Pursuant to [F.R.Civ.P.] 15(c)(1)(B)"), which the Court construes as a motion for reconsideration. In his motion, Futch urges that the previously-dismissed case upon which the res judicata determination here was based was not a merits-based disposal and res judicata was therefore not applicable. *Id.* The previously-dismissed case cited by the Court, *Futch v. Drug Enforcement Administration*, 406CV238, was dismissed due to Futch's failure to exhaust his administrative remedies prior to filing suit. *See* 406CV238, doc. # 20.

Futch is correct, in that the Eleventh Circuit has held that a dismissal based on a failure to exhaust administrative remedies is generally not an adjudication on the merits.

*See Bryant v. Rich*, 530 F.3d 1368, 1376 n.12 (11th Cir. 2008). Nonetheless, res judicata applied to this case due at least in part to the adjudication on the merits of Futch's claim in yet *another* previous case. As described in the Order dismissing the present case, doc. # 4 at 1, Futch, upon establishing in *U.S. v. U.S. Currency Totaling $18,997.89*, 403CV010 (S.D. Ga. Complaint filed 1/21/03) that the Government had wrongly seized his currency, moved pursuant to 28 U.S.C. § 2465 for the payment of costs for the wrongful seizure, including the costs caused by the "interfere[ence] with his ability to make payments on three vehicles." *Id.*, doc. # 118 at 3-4. The Court, however, denied his request as untimely and also because he had not shown that he qualified for such relief under the statute. *See id.*, doc. # 121 at 1. In the present case (case # 407CV057), Futch sought compensation for "any damages [he] incurred" as a result of the wrongful seizure of his assets, namely the resulting default in payment on the vehicles. Doc. # 1 at 3-5. As that request was already denied in the forfeiture case, res judicata barred the adjudication of his claim in the present case.

As a result of the foregoing, Futch's motion for reconsideration is *DENIED*. Doc. # 12. This case remains closed.


This day of 10 February 2010.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA